## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David Moody,

                Plaintiff,

Case No. 23-cv-3847 (NEB/ECW)

v.

**ORDER**

Credit Acceptance Corporation,
Equifax Information Services, LLC, and
Trans Union LLC,

                Defendants.

The Court has reviewed email correspondence from the parties relating to the settlement conference scheduled for June 18, 2024, as well as their confidential submissions relating to settlement. For the reasons stated below, the Court denies Defendant Credit Acceptance Corporation's email request to be excused from the settlement conference.

As background, on February 6, 2024, Credit Acceptance filed a motion to dismiss and compel arbitration, or, in the alternative, to stay proceedings against Credit Acceptance pending arbitration. (Dkt. 18.) On February 28, 2024, Judge Brasel's chambers inquired by email about the motion because the deadline for Plaintiff to respond had passed. On the same day, Plaintiff responded that he did not oppose the motion but stated the parties were discussing requesting a settlement conference before the undersigned prior to the Court entering a stay as to Credit Acceptance. On March 1, 2024, Credit Acceptance responded with the possibility of scheduling a settlement

conference before the undersigned, indicating that Credit Acceptance may then prefer the alternative remedy of a stay in lieu of dismissal, at least until the conclusion of the settlement conference. Judge Brasel's chambers responded that the Court would defer ruling on the motion to permit the parties to schedule a settlement conference and struck the hearing on the motion from the calendar. (Dkt. 27.) Counsel confirmed by email on March 3, 2024 that they intended to proceed in this manner. On March 29, 2024, the undersigned stayed the case as to Credit Acceptance pending the settlement conference. (Dkt. 29.)

Credit Acceptance now asks to be excused from the settlement conference because it believes it is highly unlikely to result in a settlement, and also sought by email to Judge Brasel's chambers an order granting the motion to dismiss and compel arbitration based on Plaintiff's lack of opposition as stated in the February 28, 2024 email and the absence of any opposition brief. Plaintiff objected by email to Credit Acceptance's request because Plaintiff has already spent time and resources in both meeting and conferring with Credit Acceptance and submitting his confidential letter to the undersigned.

Given the reliance by the parties and the Court on the agreement that the parties would participate in a settlement conference before any ruling on the motion, the Court denies Credit Acceptance's request to be excused from the settlement conference. The parties are welcome to settle the case on their own before the settlement conference if they wish to avoid the expense and disruption of participating in the settlement conference. To that end, **all** of the parties are expected to continue negotiating in good faith before the June 18, 2024 settlement conference. If the parties do not resolve this

matter on their own, the Court will expect an update as to their continued negotiations at

the settlement conference.

**SO ORDERED.**

Date: June 12, 2024

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge